UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1420 PVC                                    Date:  March 18, 2025

Title   Limetree Estates, LLC, et al. v. The City of Rancho Palos Verdes, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS] ORDER DENYING THE CITY OF RANCHO PALOS VERDES'S MOTION TO RECOVER REASONABLE ATTORNEY FEES & EXPERT WITNESS COSTS (Dkt. No. 115)**

On February 11, 2025, the Court entered Judgment in favor of the City of Rancho Palos Verdes. (Dkt. Nos. 113, 114). On February 25, 2025, the City filed its Motion to Recover Reasonable Attorney Fees & Expert Witness Costs, setting it for hearing on March 25. ("Motion," Dkt. No. 115). On February 26, the City filed a Notice of Errata to attach certain exhibits to its Motion, which it asserts were "inadvertently" omitted. (Dkt. No. 117). On March 6, Limetree Estates LLC filed its Opposition to the Motion, seeking sanctions for the City filing its Motion "without any factual or legal basis." ("Opp.," Dkt. No. 119).[1]  On March 11, the City filed a Reply in support of its Motion.

---

[1] The Opposition was filed two days late.  *See* Local Rule 7-9.  The Court struck Limetree's request for relief from the filing deadline for failure to follow local rules (Dkt. Nos. 120, 122, 124) and the City filed an opposition to Limetree's request (Dkt. No. 125). The City's opposition is disingenuous given the "inadvertent" late filing of its exhibits. (*See* Dkt. No. 117). The Court will allow the late filing of the City's exhibits and Limetree's opposition brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1420 PVC                                         Date: March 18, 2025

Title      Limetree Estates, LLC, et al. v. The City of Rancho Palos Verdes, et al.

(Dkt. No. 123). The Court finds that the Motion can be decided without need for oral argument and vacates the March 25 hearing. *See* Local Rule 7-15.

The City's Motion for fees and costs was filed pursuant to Rule 54(d)(2), which "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Instead, "there must be another source of authority for such an award." *Id.* at 1281 (citation omitted). Here, the City contends that it is entitled to fees and costs pursuant to California Code of Civil Procedure § 128.5. (Motion at 19).

Under some circumstances, a prevailing party in federal court can seek fees pursuant to applicable state law. "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975). But this is not a diversity case; instead, the City removed the case to federal court based on federal question jurisdiction, 28 U.S.C. § 1331. (Dkt. No. 1). Nevertheless, the City argues that because the Second Amended Complaint includes state law claims, it is entitled to seek fees and costs pursuant to § 128.5. (Reply at 6–11). "But federal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine, and *Erie **does not compel*** federal courts to apply state law to a federal claim." *Klein v. City of Laguna Beach*, 810 F.3d 693, 701–02 (9th Cir. 2016) (emphasis added).

Even if California substantive law applies to the City's Motion, the Court elects not to apply it. Under § 128.5, "[a] trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, *made in bad faith*, that are frivolous or solely intended to cause unnecessary delay." Cal. Civil Proc. Code § 128.5(a) (emphasis added). The Court has never found that Limetree acted in bad faith—and it declines to do so now.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1420 PVC                                                   Date:  March 18, 2025

Title   Limetree Estates, LLC, et al. v. The City of Rancho Palos Verdes, et al.

     Alternatively, the City seeks fees pursuant to the Court's inherent power.  (Motion at 28–29).  But "bad faith is [also] required for sanctions under the court's inherent power."  *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).  The Court is no more willing to find bad faith under its inherent power than pursuant to § 128.5.

     The City's Motion to Recover Reasonable Attorney Fees & Expert Witness Costs (Dkt. No. 115) is **DENIED**.  The Court likewise **DENIES** Plaintiff's Request for Sanctions Against Defendant.[2]

     IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |

---

[2] Plaintiff seeks sanctions against Defendant under F. R. Civ. P. 11(c)(3).  *See* Opp. at 7-8